# Richmond.

PIEDMONT CLUB v. COMMONWEALTH.

March 19th, 1891.

SALE OF LIQUORS—*Social clubs—Case at bar.*—Liquors kept by a club in its rooms, and served only to its members and their invited guests—the members alone paying therefor—and the money being used to replenish the stock, but insufficient for the purpose: *held,* not such sale of liquors as requires a license under Va. Acts 1889-90, p. 242.

Error to judgment of corporation court of city of Lynchburg, in a prosecution against the Piedmont Club for selling liquor without license. Verdict and judgment being against the club, it brought the case here for review. Opinion states the case.

*Kirkpatrick & Blackford,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

The facts, as agreed at the trial and stated in the bill of exceptions, are as follows:

The club is a chartered organization, having among its objects the promotion of social intercourse, the maintenance of a library, reading-rooms, &c. Its administration is con-

fided to a board of governors, consisting of ten members, elected by the stockholders. No one can be elected a member of the club who is under the age of twenty-one years. The initiation fee for persons resident in the city of Lynchburg is $25, and the regular annual dues are $30; non-resident members pay $25 per annum.

Any member may invite persons not residing in the city to visit the club, and to non-residents its hospitalities may be extended by the president for ten days; but in no case is a visitor or any person not a member of the club permitted to pay for either food, drink, or other privileges of the club. No betting of any kind is permitted. No open bar is permitted to "treat" another member, or in any wise, directly or indirectly, pay any expense he may incur. No wine or other liquor can be furnished to members or visitors on Sunday, except as an accompaniment of a regular meal in the dining-room. No games of any kind are permitted on Sunday.

The club rents and furnishes a large house and keeps its own servants. A large number of its members make the club-house their home, except for lodging, taking all their meals there, and spend much of their time, when not engaged in business, in its parlors, library, and reading-rooms. A number of papers and periodicals are taken, and a general library is being accumulated. The club keeps, besides all the usual articles of food, which are served in its dining-rooms, a small stock of liquors, which are dispensed to its members by its steward and other servants, at prices fixed by the board of governors. The prices are so fixed that they shall, as nearly as practicable, cover the actual cost of the articles furnished to the members for their comfort and convenience, and do not make a profit to the club. The money so received is paid into the general fund of the club, and is reinvested in like articles which, again, are dispensed to the members. The receipts from these articles so dispensed are not sufficient to reimburse the club for the outlays necessary for their pur-

chase and cost of service, and the deficiency has to be made good out of the funds derived from initiation fees and monthly dues.

Upon these facts the jury found a verdict of guilty, which the corporation court refused to set aside, and entered judgment for the fine assessed.

The statute provides that "no person, corporation, company, firm, partnership, or association shall, within the limits of this State, *engage in the business* of rectifying, &c , or sell or offer to sell " ardent spirits, &c., without first having obtained a license therefor.    And it is further enacted that " any person, club, or corporation desiring *to carry on the business* of a retail liquor merchant, and also that of a bar-room, shall obtain a separate license for each," &c.    Acts 1889–90, p. 242, *et seq.*

The question to be determined is, whether, upon the facts above stated, the defendant club was guilty of selling liquor within the meaning of this statute.    The question is of first impression in this State, but we entertain no doubt that the case is with the defendant; that is to say, that there has been no sale within the meaning of the statute.

Every statute is to be construed, if possible, according to the intention of the legislature, and criminal statutes are to be construed strictly.    *Harris' Case*, 81 Va., 240.    In the present case it is conceded that the defendant club is a *bona fide* club, organized for the purposes mentioned in its charter, and not as a mere device resorted to as a means of evading the law. None but members or invited guests are entitled to the privileges of the club, and no person not a member of the club is permitted to pay for either food or drink or other refreshments dispensed by the club.    The moneys received for all liquors so dispensed, go into the general fund, which are again used for replenishing the stock.    No profit is made on the liquor. In fact, the receipts from that source are not sufficient to reimburse the club for the cost of the liquors and of serving them.

The liquors so purchased, as already stated, are for the exclusive use of the members of the club and their invited guests, and what is complained of as an unlawful selling in the present case is, we think, nothing more than an equitable mode by which the cost of the liquor, used by members of the club, is divided amongst them in proportion to the quantity which each member uses.

This was the view taken by the supreme court of Tennessee in a case, the facts of which were very similar to those of the case at bar.  The court said :

" It cannot be controverted that the club would have a right to purchase and keep liquors at its club-rooms for the use of its members, and to distribute them in any method it might deem proper, and to raise funds for the purpose of replenishing by assessments upon the members, and the mode adopted of the form of a sale alone to its members of such a quantity, for so much money, can be nothing more than a mode adopted of assessing each member in proportion to the amount he consumes, and cannot be distinguished in principle from that adopted in one of the cases referred to, of issuing checks to each member, which entitled him to so much liquor each, according to the amount of money he contributes." *Tennessee Club* v. *Dwyer*, 11 Lea, 452.

To the same effect is *Seim* v. *State*, 55 Md., 566.  See, also, *Graff* v. *Evans*, 8 Q. B. Div., 373; *Commonwealth* v. *Pomphret*, 137 Mass , 564; 11 Am. and Eng. Ency. of L., p. 727.

Besides these, a number of cases were cited at the bar, but we deem it unnecessary to comment upon them.  The case depends upon the true construction of our own statute, and we are clearly of opinion that if in the present case there can be said to have been, in the strictest or most technical sense, a sale at all, it was not such a sale as is contemplated by that statute.  The defendant club, in dispensing liquors to or at the expense of its own members, was not engaged in *carrying on*

*the business* of selling liquor, and a liquor license is required of those persons only who sell or offer to sell liquor as a business.

The judgment must, therefore, be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.