# 𝔅ichmond.

## LEWIS v. COMMONWEALTH.

### DECEMBER 22d, 1894.

1. SELLING LIQUOR—*Code, ? 534.*—Under said section a single sale of liquor without a license is a violation, as the law is not limited to persons engaged in carrying on the traffic.
2. IDEM—*Joinder of offences—Case at bar.*—The indictment in this case contains ten counts, each charging a sale to a different person, which constitutes separate and distinct offences: HELD: The demurrer was properly overruled.
3. INSTRUCTIONS—*Evidence.*—Where there is no evidence tending to support an instruction that is asked for, *held,* it is properly denied.
4. CASES COMPARED.—*Piedmont Club* v. *Commonwealth,* 87 Va., 540, distinguished from case at bar.

Error to judgment of circuit court of Accomac county, rendered October 13, 1892, affirming judgment of county court of said county, rendered in accordance with the verdict of the jury in a prosecution of the plaintiff in error, one Franklin C. Lewis, whereby he was sentenced to pay three fines of $100 each and to be imprisoned in the county jail for the period of thirty days. Opinion states the case.

*Quinby & Quinby* and *Blackstone & Benedick,* for plaintiff in error.

*Attorney-General R. Taylor Scott,* for the commonwealth.

HINTON, J., delivered the opinion of the court.

The court is of opinion that there is no error in the judgment of the circuit court rendered in this case.

The defendant was tried upon an indictment containing ten counts, charging him with unlawfully selling wine, ardent spirits, malt liquors, or a mixture thereof, to be drunk at the place where sold, without first having obtained a license therefor according to law, and each of these counts, except the fifth and sixth, which are not involved in this appeal, charges a sale to a different person, and constitutes a separate and distinct offence.

The counts are couched in the usual formal language adopted in such cases, and advised the defendant fully of the specific charges he was called upon to answer, and the demurrers thereto were properly overruled.

The evidence, which is certified, clearly establishes the charge set out in this the third count of the indictment, but argued that the circuit court erred in sustaining the county court in its refusal to grant two instructions asked by the defendant.

This, however, is not so.   There is no evidence in the record to which either of the instructions is applicable, and they should not have been given.

The law requiring a license for the sale of liquor is not restricted *to persons who are engaged in carrying on the business of selling liquor,* for a single sale violates the law and renders party liable to punishment.   Nor is there anything in *The Piedmont Club* v. *Commonwealth,* 87 Va., 540, which countenances a different view.

The judgment of the circuit court of Accomac is affirmed.

Judgment affirmed.