CHARLESTON.

STATE v. SHUMATE.

Submitted January 22, 1898—Decided March 26, 1898.

INTOXICATING LIQUORS—*Sales by Club—License.*
    Under section 1, chapter 32, Code, it is unlawful for a literary
    and social club, without first obtaining a State license therefor,
    to sell, offer, or expose for sale,to its members, spirituous liquors,
    wine, porter, ale, or beer, or any drink of a like nature. (p.491).

Error to Circuit and Criminal Courts, Mercer County.
B. Z. Shumate was convicted for unlawfully retailing
liquor, and brings error.

*Affirmed.*

JOHN H. HOGE and A. M. SUTTAN for plaintiff in error.
EDGAR P. RUCKER, Attorney General, for the State.

DENT, JUDGE:

On the 30th day of November, 1895, B. Z. Shumate and
a number of other persons obtained a charter for the Blue-
field Literary and Social Club, for the purpose of maintain-
ing a library and reading rooms, and promoting the love
of literature and social intercourse between the members.
The club kept on hand a stock of liquors, beer, etc., and
would sell tickets to its members, and they would present
them to another member and receive a consignment of
beer. Mr. Shumate, one of the members, handed out the
beer and took up the tickets. He was indicted for unlaw-

ful retailing without license, in the Mercer county criminal court, found guilty and fined fifty dollars. He moved the court to set aside the verdict of the jury, and grant him a new trial, which motion was overruled, and judgment was entered for the fine. He applied to the circuit court for a writ of error, which was refused. He then applied to this Court for a writ of error to the order of the circuit court, which was granted. The only material error relied on is that the circuit court erred in holding that the Bluefield Literary and Social Club, in promotion of the love of literature and social intercourse, could not furnish to its members spirituous liquors, wine, porter, ale, and beer, without obtaining a state license therefor. Numerous decisions from other states apparently sustain the defendant's contention, but these were generally given under statutes entirely different from that of this State. For instance, in the case of *Piedmont Club* v. *Com.*, 87 Va. 540, (12 S. E. 963), the supreme court of appeals held that the Virginia statute, which provided that "no person, corporation, company, firm, partnership or association shall, within the limits of this state, engage in the business of rectifying," etc., "or sell or offer to sell ardent spirits," etc., "without first having obtained a license therefor," did not prohibit a social club from furnishing drinks for pay to its own members, as this was not engaging in or carrying on such liquor business as is forbidden. There are many other cases, on the other hand, which are to the contrary, and which hold that such sales by clubs are but a device to evade the provisions of the law. *State* v. *Neis*, 108 N. C. 787, (13 S. E. 325), and numerous other cases cited in note thereto. Whatever may be the decisions and practice in other states, our statute is so broad as to allow no shift or device to defeat the purpose of its enactment. It plainly forbids the selling, offering, or exposing to sale, by one person to another, of the forbidden intoxicants, without a state license, it matters not for what purpose, literary, social or otherwise. To decide to the contrary would be to turn every saloon into a literary, social or musical club, to the entire destruction of the peace and good order of society, and the nullification of all prohibitory and revenue legislation. Literature and liquor drink-

ing are not handmaidens, and they should be kept separate, lest the good of one be degraded into being nothing. but the cover for the other. If men must drink let them do so openly, and not attempt to disguise it under the name of literature. The evasion of the law is so palpable in this case that it is hardly worthy of comment. Although a different rule may prevail in other states, this is the only reasonable conclusion that can be reached under our statute. The order of the circuit court and the judgment of the criminal court of Mercer county are affirmed.

*Affirmed.*