STATE ex inf. HADLEY, Informant, v. KIRKWOOD SOCIAL ATHLETIC CLUB, Respondent.

St. Louis Court of Appeals, November 27, 1906.

DRAMSHOPS: Clubs: Sale of Intoxicating Liquors to Members. Where an incorporated club succeeded a dramshop keeper in a dramshop business after his license had expired and the dramshop keeper carried on the business for the benefit of the members of the club, although the club had some athletic paraphernalia and gave occasional entertainments for the benefit of its members, its principal business was the selling of intoxicating liquors to its members and it was operated in violation of the dramshop act.

Original Proceeding by Quo Warranto.

OUSTER ORDERED.

*Albert B. Chandler* and *Edward D'Arcy* for informant.

(1)   The charter of this club, if not void on its face, is so nearly so that it must affirmatively prove that it is, in practice, fulfilling a benevolent, or a religious, or a scientific or an educational function. State *ex rel.* v. Lesueur, 99 Mo. 552; State v. Brawner, 15 Mo. App. 597; State *ex rel.* v. McGrath, 95 Mo. 183.   (2)   The club is operated for pecuniary profit.   In *re* St. Louis Institute of Christian Science, 27 Mo. App. 633; State v. Brawner, 15 Mo. App. 597.   (3)   The club sustains the burden of proving its *bona fides,* and also an actual coownership of all its property by its several members, whose privileges exist, if at all, only when coupled with an interest.   State *ex rel.* v. St. Louis Club, 125 Mo. 193; Commonwealth v. Smith, 102 Mass. 144; Leim v. State, 55 Ind. 566; State *ex rel.* McMaster, 14 S. E. 290.

*B. L. Matthews* and *J. C. Kiskaddon* for respondent.

BLAND, P. J.—As in the case of the State *ex rel.* v. Rosehill Pastime Athletic Club, this is a proceeding by information in the nature of a *quo warranto,* filed by the attorney general, to oust the defendant as a corporation and to declare its charter forfeited.   The case made by the State is even stronger and more convincing, that the club is used as a scheme for the evasion of the dramshop act, than the case made against the Rosehill club. The evidence shows that the club succeeded one Jack Sturdy in the dramshop business, after Sturdy's license as a dramshop keeper had expired, and continued to carry on the business of a dramshop keeper for the benefit of its members.   It is true the club has some athletic

paraphernalia, which is used to some extent by the members, and it gives occasional entertainments for the benefit of its members in the way of dances, fish fries and ball games. But its principal business is the selling of intoxicating liquors over a bar to its members in violation of the dramshop act, wherefore it is considered by the court that the corporation be dissolved and the club be prohibited from exercising any of its corporate rights, privileges or franchises and that its charter be forfeited. It is further considered that relator have and recover of and from the corporation its costs herein expended and have execution therefor. All concur.