## STATE OF MISSOURI, Respondent, v. DAVE MYERS, Appellant.

### Kansas City Court of Appeals, January 19, 1914.

**DRAMSHOPS: Intoxicating Liquors: Clubs.** Where a social club is clearly a bona-fide organization, with a limited membership, and admission into which cannot be obtained by any person at his pleasure and its property is actually owned in common by its members, a distribution of wine or other liquors belonging to such club, among its several members, is not a sale of liquor by retail or in original packages within the meaning and purview of our dramshop act, although technically the act does amount to a sale for some purposes. The *bona fides* of the organization is in each case a question for the court, or the jury under proper instructions of the court.

Appeal from Randolph Circuit Court.—Hon. *A. H. Waller*, Judge.

REVERSED.

*Hunter & Chamier* and *Hamp Rothwell* for appellant.

*Jerry M. Jeffries* for respondent.

JOHNSON, J.—Defendant appealed from a conviction for violating the dramshop law. He lived in Moberly and was the steward of the "Moose Club" which was an adjunct to the local lodge of the "Loyal Order of Moose," a fraternal beneficiary society. The *bona fides* of the lodge is conceded. It had all the features and purposes of a fraternal beneficiary society and incidentally maintained club rooms for the social uses of its members. Refreshments, including intoxicating liquors, were served to members at their request and charged and paid for at a fixed schedule of prices. The club was not conducted for profit and its property and revenues belonged to its members and were

devoted solely to the maintenance and use of the club. Counsel for the State begins his brief with the statement that he "will not contend that the Moose Club is anything other than a bona-fide social club, not incorporated for profit and not a so-called "lid club" operated for the purpose of evading the dramshop law. The operation of the club is for the supposed benefit of its members in the aggregate. Its intoxicating liquors are dispensed to members only. The defendant was the steward of that club and, as such, on the request of a member, from the stock of the club, delivered to such member on a table in the club rooms a quantity of intoxicating liquors and then received therefor the price in money fixed for the same. The money was by him placed in a cash register and became the property of the club."

This concession of counsel for the State reduces the case to the single question of whether or not a bona-fide club conducted in a city where the dramshop law is in force may serve liquors to its members for pay but not for profit and only as an incidental feature of its social objects. The learned trial judge answered this question in the negative in the instructions to the jury and defendant's conviction resulted.

Our dramshop law was enacted in 1891 (Laws 1891, p. 128) under the title of "An act to regulate the sale of intoxicating liquor in the original packages or otherwise." It provides (Sec. 7188, R. S. 1909): "No person shall, directly or indirectly sell intoxicating liquors in any quantity less than three gallons either at retail or in the original package without taking out a license as a dramshop keeper."

In construing that act the Supreme Court say in The State ex rel. v. The St. Louis Club, 125 Mo. l. c. 319: "Applying the test that commends itself to our best judgment, in view of the conflict in the decisions, we think that where a social club as in this case is clearly a bona-fide organization, with a limited mem-

bership, and admission into which cannot be obtained by any person at his pleasure and its property is actually owned in common by its members, a distribution of wine or other liquors belonging to such club, among its several members, is not a sale of liquor by retail or in original packages within the meaning and purview of our dramshop act, although technically the act does amount to a sale for some purposes. The *bona fides* of the organization is in each case a question for the court or the jury under proper instructions of the court.''

In the more recent case of State v. Robinson, 163 Mo. App. 221, which grew out of the serving of liquors to its members by a bona-fide club in local option territory, we noted that the ruling in the St. Louis Club case was restricted to such clubs as were conducted in territory where the dramshop law prevails and held that it did not obtain where the Local Option Law was in force. We treated the St. Louis Club case, and we so regard it now, as deciding the question raised by counsel for the State against his contention. It is immaterial that the proceeding in that case was in the nature of *quo warranto* while in the case in hand it is a criminal prosecution for a violation of the dramshop act. The point decisive of both cases is that no sale within the purview of the dramshop law is made when a bona-fide club dispenses intoxicating liquors to its members in the manner followed by the club of which defendant was the steward, and since the prohibition of the statute on which the indictment was founded is against an unlawful sale, it follows that the conviction cannot stand in the face of conclusive proof that no sale was made.

The judgment is reversed. All concur.