STATE OF MISSOURI, Respondent. v. ALBERT ZEHNDER, ADALBERT KOLB and FRITZ DIIRR, Appellants.

Springfied Court of Appeals, June 16, 1914.

1. **CRIMINAL LAW: Verification of Information: Signature.** No error was committed in permitting the prosecuting attorney to affix his signature to his affidavit on an information after the jury was sworn, since the signed affidavit of the prosecutor is not essential, the verification being good without such signature.

2. **LOCAL OPTION LAW: Violation of: Information: Sufficiency.** An information charging that at the time of. the alleged violation of the Local Option Law "the provision of Article 3, Chapter 63, R. S. 1909, known as the Local Option Law was in full force and effect in the aforesaid county," *held* sufficient, there being no necessity to charge that the same had been adopted since it could not. be "in full force and effect" unless it had been adopted.

3. **CRIMINAL LAW: Plea of Former Conviction: Different Offenses.** Defendants, prosecuted for violation of the Local Option Law, pleaded a former conviction in bar. The plea was not good, since the evidence disclosed a different sale to a different individual from the one on which the former conviction was had.

4. **LOCAL OPTION LAW: Violation: Defense: Burden of Proof.** Defendants, officers of a corporation, were prosecuted for a violation of the Local Option Law. The defense was offered that the sales were made to members only by a bona fide corporation within the holding of the Supreme Court in the case of State ex rel. v. St. Louis Club, 125 Mo. 308, 319. The burden was upon defendants to show that the organization came within the rule there announced.

5. **INDICTMENT AND INFORMATION: Averring a Negative: Burden of Proof.** Even where it is essential in an information to aver a negative which lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party.

6. **LOCAL OPTION LAW: Violation: Exceptions: Evidence: Burden of Proof.** Where the state submitted testimony tending to prove that the defendants sold intoxicating liquors in

prohibited territory, the conclusion necessarily follows that the sale was unlawful and the burden is cast upon the defendants to prove such facts as would bring them within any exceptions claimed.

7. **LOCAL OPTION LAW: Violation: Sale of Intoxicants by Corporation to Members.** An incidental sale of intoxicating liquors in local option territory, even by a bona fide incorporated club, or society, to a member thereof, is unlawful and a corporation cannot authorize an unlawful sale by its officers and agents.

8. **LOCAL OPTION LAW: Attempt at Evasion: What not a Defense.** A corporation cannot authorize an unlawful sale of intoxicating liquors by its officers and agents in local option territory; nor can such officer or agent shield himself from the penalties of the law because he acted for such corporation.

9. **INTOXICATING LIQUORS: Local Option Act and Dram Shop Law, Differentiated.** The Local Option Act regards the traffic in intoxicating liquors as hostile to the community and as an evil to be extirpated, its prime object being to prohibit. The Dram Shop Law regards the traffic as lawful and beneficial when properly regulated and controlled.

10. **COURTS: Decisions of Supreme Court: Binding on Courts of Appeals.** The last ruling of the Supreme Court is binding on a Court of Appeals and the Supreme Court alone can change its former ruling.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED IN PART.  REVERSED AND REMANDED IN PART.

*Frank H. Farris, J. J. Crites* and *J. A. Watson* for appellants.

*Corrie L. Arthur,* Prosecuting Attorney, and *C. C. Bland* for respondent.

[See Briefs in case State of Missouri v. Albert Zehnder et al., p. 161.]

STURGIS, J.—The defendants in this case were convicted of violating the Local Option Law in Phelps

county, Missouri, on substantially the same evidence, except as to different sales, as was produced and the conviction had in the case of State against the same defendants, in which an opinion has been this day filed in this court. The same objection is urged in this case to the information as in the other case, with the exception that after the jury was sworn and the prosecuting attorney was reading the information to the jury he discovered that the affidavit was not signed and asked and obtained leave of court to sign the same, and did so immediately preceding the jurat of the officer who administered the oath in this and in the other case. To this action of the court defendants excepted and assign error thereon. As a signed affidavit of the prosecuting attorney is not essential to a compliance with the statute, as we have held in the other case, no harm was done or error committed by the court in allowing this signature to be affixed at that time. The verification was good without such signature and what we have said in the other case fully disposes of this point.

The information in the present case charges, as did the information in the other case, that the Local Option Law was in full force and effect in Phelps county at the time the offense was committed and the appellants are making the same objection in this case as in that case as to the sufficiency of the information for want of an averment that said law had been adopted. Our ruling in the other case, which is adopted here, disposes of this contention and the point is ruled against the appellants.

The appellants also pleaded the former conviction in bar to this action, but the testimony discloses a different sale and to a different individual in this case and the instructions were confined to this other and different sale, which the jury found to be a different sale, than those upon which the conviction was

had in the former case. The assigned error on the plea in bar cannot therefore be upheld.

In addition to what is shown as to the German-American Alliance or Germania Verein in the former case, in the case at bar there is some evidence tending to prove that it is a corporation organized under the laws of this State and that the tickets were only issued to members of the corporation, and that the corporation owned the property and goods located at the place where the Germania Verein was operating and was disposing of the intoxicants to such members only by means of the tickets issued and punched as in the other case.

The defendants requested and the court refused to give the following instruction: ''The court instructs the jury that if you believe and find from the evidence that the liquors kept and served in the building in which the alleged sales are claimed to have been made was the property of the German-American Alliance of Rolla, Mo. (a corporation), and purchased by the funds of such corporation, and that the parties to whom such liquors were served were members of such corporation and that such corporation was organized in good faith and not for the purpose of evading the liquor laws, and that the defendants, as members or officers of such corporation, served or delivered liquors to witness Paulsell, and at the time the said Paulsell was a member in good standing of said corporation, you will find the defendants and each of them not guilty.'' The appellants complain of the refusal of this instruction and contend that they are exempt from prosecution and conviction for selling intoxicating liquors under the holding of the Supreme Court in the case of State ex rel. v. St. Louis Club, 125 Mo. 308, 319, 28 S. W. 604. We think, however, that the facts upon which that decision is based are entirely different from the facts involved here. It is there said that the chief purpose of that organization was

the advancement by social intercourse of the bodily and mental health of its members; that there was no common bar to which any and all of the members could repair at any time and order a drink; that the membership was limited and qualifications were required of applicants; that an initiation fee of $100.00 and annual dues of $80.00 were charged. In the case at bar there is no evidence that tends to prove that the organization was a *bona fide* one or that it comes within the class of corporations discussed in the St. Louis Club case, and, therefore, it cannot be held in this case that defendants can hide behind the corporate form even if the doctrine announced in the St. Louis Club case, supra, is applicable in a prosecution for a violation of the Local Option Law. The present club is much like those described in State v. Tindall, 40 Mo. App. 271; State ex inf. v. Rod & Gun Club, 121 Mo. App. 364, 98 S. W. 815; State ex inf. v. Social Athletic Club, 121 Mo. App. 87, 97 S. W. 980; State ex inf. v. Rose Hill Pastime Athletic Club, 121 Mo. App. 81, 97 S. W. 978.

If the defendants desired to test their right to serve intoxicating liquors to members of the corporation in local option territory, the burden was upon them to offer some evidence that their organization comes within the rule announced in the St. Louis Club case. The general rule is that even where it is essential to allege in an information a negative which lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. [State v. Lipscomb, 52 Mo. 32; State v. Edwards, 60 Mo. 490; State v. Miller, 182 Mo. 370, 81 S. W. 867.] If this club was organized and maintained in good faith for legitimate purposes and is such as could legally have served intoxicating liquors to its members in an incidental way and was exempt from the general rule prohibiting the sale of intoxicating liquors, such facts were peculiarly within the defend-

ants' knowledge and the proof could readily have been made by them. The State having offered testimony tending to prove that the defendants sold intoxicating liquors in prohibited territory, the conclusion necessarily follows that the sale was unlawful and the burden was cast upon defendants to prove such facts as would bring them within the exception, if the exception claimed existed. [State v. Galliton (Mo. App.), 161 S. W. 848.] For these reasons, if for no other, the court committed no error in refusing their requested instruction.

In State v. Robinson, 163 Mo. App. 221, 224, 146 S. W. 456, it is held by the Kansas City Court of Appeals that an incidental sale of intoxicating liquors in local option territory even by a *bona fide* incorporated club or society to a member thereof is unlawful; that a corporation cannot authorize an unlawful sale by its officers and agents and that such officer or agent cannot shield himself from the penalties of the law because he acted for such corporation. The court there said: "There is nothing in the decision of the Supreme Court in State ex rel. v. St. Louis Club, 125 Mo. l. c. 317, at variance with what we have just said. The action in that case was for an alleged violation of the dramshop act and it was held that a corporation was not "a person" within the meaning of that act, but it was not said that a corporation, through its agents, could sell intoxicants in defiance of the law. The opinion in that case is controlling authority for the proposition that an incorporated club, in a city under the dramshop act, which in good faith and merely in an incidental way, serves liquors to its members, is not guilty of a technical sale of intoxicating liquors under the dramshop act. . . . It will be noted that the court is careful to say that the transaction in question was 'not a sale of liquor . . . within the meaning and purview of our dramshop act' and when carefully analyzed the opinion discloses a manifest pur-

pose to preserve a distinction in the interpretation of the Dramshop and Local Option Laws. . . . The prime object of the local option act is prohibition. It regards the traffic in intoxicating liquors as *contra bonos mores,* as hostile to the welfare of the community and, therefore, as an evil to be extirpated. On the other hand the Dramshop Law regards the traffic as lawful and beneficial when properly regulated and controlled.'' That court accepted the ruling of the Supreme Court in the St. Louis Club case, supra, as being final until changed by that court, to the effect that a *bona fide* social club may incidentally sell intoxicating liquors not for profit in license territory to one of its members without taking out a license as a dramshop keeper, but says further: ''Where, as in this State, the laws recognize the principle of local self-government and provide for optional prohibition, it is obvious that in communities where prohibition is adopted the statutes should be interpreted, as far as their language reasonably will permit, to give effect to the principles of that policy.'' This view of the law and the distinction in this respect between license and local option territory is affirmed in State v. Myers (Mo. App.), 162 S. W. 768. It may also be said that the Supreme Court in the St. Louis Club case pointed out the distinction between selling liquors in local option territory where it is absolutely prohibited and the dispensing of same to its members by an incorporated club without taking out a license where dramshop licenses are permissible, in that an incorporated club could not take out a dramshop license as the word ''person'' under the Dramshop Act, which requires the applicant to be a law abiding citizen, could not include a corporation. It might well be said that inasmuch as an incorporated club cannot take out a dramshop license, it will not be presumed that the law so intended. But in local option territory all sales of intoxicants are prohibited and there is no reason for excepting an

incorporated club from its provisions. This court has said, in State v. Galliton, supra, that local option means local prohibition, and the Supreme Court, in State v. Fulks, 207 Mo. 26, 105 S. W. 733, held that the Legislature clearly intended by the Local Option Act to prohibit the sale directly or indirectly of intoxicating liquors in counties adopting the same. This view of the law meets with our approval. The courts should ever endeavor to uphold and enforce the Local Option Act according to its apparent intent and meaning and no one can doubt that to sanction and permit clubs, incorporated or otherwise, to keep on hand and sell, even at cost and to its members only, intoxicating liquors is contrary to the spirit and intent of that act and subversive of its declared purpose to prohibit the selling, bartering or giving away, directly or indirectly in any manner whatever, any kind of intoxicating liquors. Whatever may be said of the Dramshop Act, which has for its purpose the permission of liquor selling under certain restriction, the Local Option Act, which has the opposite for its purpose, cannot be said to allow by implication or inference an exception to its rule of absolute prohibition in favor of clubs, whether incorporated or not.

Learned counsel for the State have attacked the doctrine of the St. Louis Club case as being wrong in principle and contrary to the great weight of authority. It is said to be wrong in principle as applied to an incorporated club, because of the unquestioned law that in such case the ownership of the property is in the corporate entity, separate and distinct from its members, and the rule stated in that case as the basis of the decision, taken from Black on Intoxicating Liquors, 142, that "where a social club as in this case is clearly a *bona fide* organization, with a limited membership, and admission into which cannot be obtained by any person at his pleasure and its property is actually *owned in common by its members,* a distribution

of wine or other liquors belonging to such club, among its several members, is not a sale of liquor by retail or in original packages within the meaning and puriew of our Dramshop Act, although technically the act does amount to a sale for some purposes,'' cannot be applied to a corporation because its property cannot be and is not owned in common by its members or stockholders. Such is the holding in South Shore Country Club v. People, 228 Ill. 75, 81 N. E. 805, 119 Amer. St. Rep. 417, where the St. Louis Club case is criticised and held to be against the weight of authority. [See also the notes to Barden v. Montana Club, 10 Mont. 330, 24 Amer. St. Rep. 27, 35 to 38.] But we are not at liberty to consider any such argument because the law has wisely required us to follow the last ruling of the Supreme Court, which alone has power to change its former rulings. The Supreme Court has not, however, extended this doctrine to local option territory and we will not do so.

The instructions in this case are similar to those copied and commented on in the other case. The instructions are less objectionable than the ones there noted and what we there said is applicable to this case. The instructions are correct as to the defendants Zehnder and Kolb. Instruction numbered three is erroneous as to defendant Diirr. The only theory supported by the evidence on which he could be convicted, that he with a common design and intent signed and authenticated the tickets which Kolb sold and on which Zehnder furnished intoxicating liquors, was not submitted to the jury.

It results that the case is affirmed as to defendants Zehnder and Kolb, and reversed and remanded for further trial as to defendant Diirr.

*Farrington, J.,* concurs.

*Robertson, P. J.,* concurs in the disposition of the case as to defendants Zehnder and Kolb, but dissents

as to the result reached as to defendant Diirr. He also concurs in what is said as to the liability of the defendants irrespective of the purchasers' membership in the alleged corporation, but expresses no opinion as to the further discussion thereof.