[S. F. No. 7113.  Department Two.—March 9, 1917.]

WILLIAM E. VARCOE, Appellant, v. ALAMEDA LODGE No. 1015, BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA, Respondent.

MUNICIPAL CORPORATIONS—CITY OF ALAMEDA—RESTRICTION ON SALE OF INTOXICATING LIQUORS—SOCIAL CLUBHOUSE.—The provision of the charter of the city of Alameda rendering it unlawful for any person, firm, or corporation to establish, open, keep, maintain, or carry on any saloon, bar, store, dramshop, tippling place, stand or any place where spirituous, malt or fermented liquors or wines or any admixture thereof, are sold or given away, or to sell or barter or give away within the limits of the city any such liquors, without having permission pursuant to an ordinance of the council or people, and empowering the council to impose license taxes for the selling and giving away of such liquors, is designed merely to limit and restrict the business of selling such liquors, and does not apply to a fraternal organization which maintains a clubhouse and buffet where liquors are dispersed, not as a business or for profit, but as an incidental accommodation to its members desiring such refreshment.

APPEAL from a judgment of the Superior Court of Alameda County.  J. D. Murphy, Judge.

The facts are stated in the opinion of the court.

George W. Hollister, and Samuel Poorman, Jr., City Attorney of Alameda, *Amicus Curiae*, for Appellant.

L. R. Weinmann, and Raymond Benjamin, for Respondent.

HENSHAW, J.—The purpose of this action was to enjoin the selling or serving of liquors by defendant to its members and their guests, upon the ground that such sales are violative of the provisions of the charter of the city of Alameda (art. X, sec. 1).  A general demurrer to the complaint was sustained, and upon plaintiff's failure to amend, judgment passed for defendant.  Upon plaintiff's appeal the city attorney of the city of Alameda has presented a brief on behalf of the city, which brief is both admirable in its learning and commendable in its fairness.

The facts are unquestioned and may be thus stated, in the language of appellant's brief: "The defendant maintains a *bona fide* clubhouse, not as its business, but 'solely as an incident possessing and having a tendency to foster and further the spirit of charity and kindly good fellowship between its members.' The maintenance of such clubhouse is not one of the purposes for which defendant was organized, nor is the operation of said buffet. The clubhouse is not owned by defendant, but by Elks' Hall Association, a corporation, 'the directors of which corporation are members of said Alameda Lodge, and have been selected by said Lodge.' The dispensing of liquor at said buffet is not for profit, and can in no commercial sense be termed defendant's business, but is rather an incidental accommodation to its members desiring such refreshment, just as the supplying of newspapers and meals is an incident to the real business purposes of any social or fraternal club. A license is held by defendant under the Internal Revenue Laws of the United States."

The charter of Alameda, in article X, section 1, above noted, declares as follows: "It shall be unlawful for any person, firm, or corporation to establish, open, keep, maintain, or carry on within the city of Alameda any saloon, bar, store, dramshop, tippling place, stand, or any place where spirituous, malt, or fermented liquors or wines or any admixture thereof, are sold or given away, or for any person, firm, or corporation (except as hereinafter provided) to sell or barter or give away within the limits of the city any spirituous, malt, or fermented liquors or wines or any admixture thereof, without having permission pursuant to an ordinance of the council or people, as provided in this article." By section 2 of the same article the council is empowered to impose all license taxes for the selling and giving away of such liquors and the number of licenses is limited. By section 7 it is provided that, "No license shall be issued entitling the licensee to carry on the business licensed at more than one place"; and that the licensee shall keep his license posted "in his saloon or place of making sales thereunder." Section 8 provides that, "No license shall be required for the purpose of selling liquors at wholesale to any retail dealer in this city who holds a license under the provisions of this article."

The contention of appellant is that this case is to be distinguished from that of *Cuzner* v. *California Club,* 155 Cal. 303,

[20 L. R. A. (N. S.) 1095, 100 Pac. 868], in that the language of the charter of the city of Alameda is broader and more comprehensive than the language of the Los Angeles ordinance considered in the Cuzner case; that the Los Angeles ordinance was directed against sales as a business, while the charter of Alameda, while also directed against the same thing, still further prohibits any and all selling or giving away excepting such selling or giving away under license. It is quite manifest, and is recognized, that this construction would make criminal the giving away of wine or liquor by a host to his guests in his own house, but to this the complete answer is that it is within the power of the law to do this thing, and if it has done so, unquestioned obedience is the law's due.

It would not here be profitable to attempt an analysis of the cases, nor even to set forth at length the divergent views of the courts, because it very rarely happens that the language of an ordinance or charter which a particular court may be engaged in construing is sufficiently identical with that of other ordinances or charters which have been interpreted so as to give the decisions so doing any considerable, much less controlling, weight. Suffice it, then, to refer to such cases as *State* v. *Minnesota Club,* 106 Minn. 515, [20 L. R. A. (N. S.) 1101, 119 N. W. 494] ; *County of Ada* v. *Boise Commercial Club,* 20 Idaho, 421, [38 L. R. A. (N. S.) 101, 118 Pac. 1086] ; *Manning* v. *Canon City,* 45 Colo. 571, [23 L. R. A. (N. S.) 192, 101 Pac. 978] ; *South Shore Country Club* v. *People,* 228 Ill. 75, [119 Am. St. Rep. 417, 10 Ann. Cas. 383, 12 L. R. A. (N. S.) 519, 81 N. E. 805] ; *United States* v. *Alexis Club,* 98 Fed. 725, as dealing elaborately with one view of the matter; while the opposing view will be found in such cases as *Graff* v. *Evans,* L. R. 8 Q. B. Div. 373; *People* v. *Adelphi Club,* 149 N. Y. 5, [52 Am. St. Rep. 700, 31 L. R. A. 510, 43 N. E. 410] ; *Klein* v. *Livingston Club,* 177 Pa. 224, [55 Am. St. Rep. 717, 34 L. R. A. 94, 35 Atl. 606] ; *State ex rel. Bell* v. *St. Louis Club,* 125 Mo. 308, [26 L. R. A. 573, 28 S. W. 604] ; *State etc.* v. *Colonial Club,* 154 N. E. 177, [Ann. Cas. 1912A, 1079, 31 L. R. A. (N. S.) 387, 69 S. E. 771] ; *State ex rel. Columbia Club* v. *McMaster,* 35 S. C. 1, [28 Am. St. Rep. 826, 14 S. E. 290] ; *Cuzner* v. *California Club,* 155 Cal. 303, [20 L. R. A. (N. S.) 1095, 100 Pac. 868] ; *State* v. *Austin Club,* 89 Tex. 20, [30 L. R. A. 500, 33 S. W.

113]; *Tennessee Club* v. *Dwyer*, 11 Lea, 452, [47 Am. Rep. 298]; *Piedmont Club* v. *Commonwealth*, 87 Va. 540, [12 S. E. 963]; *Commonwealth* v. *Smith*, 102 Mass. 144; *Barden* v. *Montana Club*, 10 Mont. 330, [24 Am. St. Rep. 27, 11 L. R. A. 593, 25 Pac. 1042].

In every case the fundamental question is the scope of the ordinance, and in this case that question may thus be stated: Fully conceding the power of the city of Alameda, under a proper law designed to that end, absolutely to prohibit in every instance any sort of sale or any sort of giving away of intoxicants, did its charter provisions in this instance design to do that thing, or did they design to limit and restrict the *business* of selling? We think that it is clear that the charter was directed to the regulation of the business, and in this view the case is not distinguishable from that of *Cuzner* v. *California Club*, 155 Cal. 303, [20 L. R. A. (N. S.) 1095, 100 Pac. 868]. And, finally, of this and of every like case, it may be said that if the construction of the existing law does not meet the views of the municipal authorities or the people, the remedy is ready to their hand, to enact such a law as will put all such questions beyond peradventure.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.