[Civ. No. 47257. First Dist., Div. One. Dec. 13, 1979.]

NICK G. PERAKIS et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Gazzera, Antonioli & Bain and Stephen Gazzera, Jr., for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Linda Ludlow, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**NEWSOM, J.**—Petitioners are the defendants, charged with bookmaking offenses under Penal Code section 337a, subdivision 4 and/or 337a, subdivision 5, in the underlying criminal action.

On June 11, 1979, they filed in the superior court a pretrial motion to dismiss based upon the claim that Santa Clara County law enforcement agencies have engaged in deliberate and invidious discriminatory enforcement of Penal Code section 337a against them, in violation of federal and state equal protection standards. Accompanying this motion was one for discovery, to force divulgence of documentary evidence allegedly in the prosecution's hands which, it is contended, is necessary to show discrimination.

The essence of petitioners' claim was, and is, that they have been discriminated against because they are "neighborhood restaurants and bars," distinguishable as a class by location, type patronage, and "distinct social-economic standing [*sic*]."

On June 13, 1979, the trial court denied the discovery motion on grounds an insufficient showing had been made; later, on reconsideration, following an evidentiary hearing at which county employees

testified concerning widespread public participation in "football pools,"* the court again denied the discovery motion.

The instant petition for writ of mandate followed, presenting the narrow issue of whether the trial court abused its discretion in denial of such motion.

■ The leading case on the issue before us is *Murgia* v. *Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44], in which the California Supreme Court held that a criminal defendant is entitled to dismissal of charges on grounds of discriminatory enforcement, and thus denial of equal protection, where he "can show that he would not have been prosecuted except for...invidious discrimination against him." (*Id.* at pp. 290-300.)

■ The court in *Murgia* distinguished the proper exercise of prosecutorial discretion, which may result in "non-arbitrary selective enforcement" from the actions of those law enforcement officials who "purposefully and intentionally...[single] out individuals...on an invidiously discriminatory basis." (*Id.*, at p. 297, cf. also *Oyler* v. *Boles* (1962) 368 U.S. 448 [7 L.Ed.2d 446, 82 S.Ct. 501]; *Yick Wo* v. *Hopkins* (1886) 118 U.S. 356 [30 L.Ed. 220, 6 S.Ct. 1064].) Mere selectivity cannot be equated with discrimination if "there were rational reasons for selective use of the prosecution's time...." (*People* v. *Serna* (1977) 71 Cal.App.3d 229, 234 [139 Cal.Rptr. 426]; *People* v. *Superior Court (Hartway)* (1977) 19 Cal.3d 338 [138 Cal.Rptr. 66, 562 P.2d 1315].) The selectivity must be purposeful or intentional, and based upon an unjustifiable standard, as, for example, when a class such as "black or white, Jew or Catholic, Irishman or Japanese, United Farm Workers or Teamster" is involved. (*Murgia, supra,* at p. 290.)

■ A threshold requirement is that "plausible justification" for criminal discovery be shown. As observed in *Bortin* v. *Superior Court* (1976) 64 Cal.App.3d 873, 878 [135 Cal.Rptr. 30], often such justification is readily apparent, but where it is not, some plausible, or prima facie showing which "need not [be]...strong" must be made. (*Bortin, supra,* at p. 879; *People* v. *Municipal Court (Street)* (1979) 89 Cal. App.3d 739 [153 Cal.Rptr. 69].)

---

*I.e., utilizing the familiar weekly "football cards."

■ It is not necessary that the "class" be one against which there has not been traditional or historical discrimination. Even so disparate and amorphous a group as "neighborhood bars" might be a cognizable "class," provided some prosecutorial animus toward the class appears. ■ What is imperative, however, is a prima facie showing that the prosecution was inspired by a discriminatory and hence unjustifiable motive.

The case before us does not meet the requirement of a threshold or prima facie showing of selective prosecution based solely upon geographic and/or socio-economic factors. A naked allegation that petitioners are members of a class of "local neighborhood bars" does not give rise to a rational inference of selective enforcement based upon the invidious criteria condemned in *Murgia v. Municipal Court, supra,* 15 Cal.3d 286, and related cases. We conclude accordingly that petitioners have not established plausible justification for their motion by "demonstrating that the discovery sought would facilitate the ascertainment of relevant facts and a fair trial." (*Bortin v. Superior Court, supra,* 64 Cal.App.3d at p. 878.)

The petition for writ of mandate is denied.

Elkington, Acting P. J., concurred.

**GRODIN, J.**—I concur in the result and I agree generally with the rationale stated by my colleagues; I write separately to emphasize a distinction which seems to me relevant. *Murgia v. Municipal Court* (1975) 15 Cal.3d 286 [124 Cal.Rptr. 204, 540 P.2d 44], teaches that law enforcement agencies are no more immune from the equal protection clause of the Fourteenth Amendment, or from its counterpart in the California Constitution, than other agencies of government (*id.,* at 294); and that while they must be allowed broad discretion in deciding when and where to prosecute, that discretion may not be used in invidiously discriminatory ways. (*Id.,* at 296-297.) It follows from this, I think, that where it is shown that a particular law is being enforced in an apparently discriminatory fashion, i.e., in such a fashion as to give rise to the inference *in the absence of explanation* that the enforcement pattern offends the equal protection principle, then a "prima facie" case exists *in the sense that* the law enforcement agency must then come forward with an explanation so that the court is in a position to determine whether the claim of discrimination has merit. (See, generally, Givelber, *The Application of Equal Protection Principles to Selective*

*Enforcement of the Criminal Law* (1973) Ill. L.Forum 88; 2 Davis, Administrative Law Treatise (2d ed. 1978) ch. 9.) Petitioners have not reached that point. Rather, what they seek is discovery in order to prove prosecutorial discrimination. Considerations of economy and efficiency require that a claim for discovery in such a context be accompanied by some prima facie showing of the discrimination alleged to exist (*Bortin* v. *Superior Court* (1976) 64 Cal.App.3d 873 [135 Cal.Rptr. 30]); and I agree that on this record such a showing has not been made.