**STATE of Missouri, Respondent,**

v.

**William Glen CHENEY, Appellant.**

**STATE of Missouri, Respondent,**

v.

**Irene Marie CHENEY, Appellant.**

No. 22636.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

John R. Baty, Kansas City, Arthur M. O'Keefe, Moberly, for appellants.

Wm. G. Johnson, Pros. Atty., Morgan Co., Versailles, for respondent.

BROADDUS, Presiding Judge.

The defendants, William Glen Cheney and his wife, Irene Marie Cheney, were convicted in the Circuit Court of Morgan County of violating the compulsory school attendance laws. The punishment of each was fixed at a fine of $10 and ten days imprisonment in the Morgan County jail. Defendants have appealed.

The defendants are charged with a violation of Section 164.010, RSMo 1949, V. A.M.S., which provides that every parent having charge, control or custody of a child between the ages of seven and fourteen years shall cause such child to attend regularly some day school not less than the entire time the school which said child at-

tends is in session, *or* shall provide such child at home with such regular daily instruction as shall be substantially equivalent at least to the instruction given the children of like age at said day school in the locality in which said child resides.

The information filed against the defendant, William Glen Cheney, alleges that upon and since the 13th day of September, 1956, he has "refused or neglected to place Stephanie Gail Cheney, his minor child of the age of seven years, of whom the said William Glen Cheney had charge, control and custody, in a day school in the locality in which the said child resides, and has refused or neglected to cause said minor child to attend regularly such a school * * *."

The information filed against the defendant, Irene Marie Cheney, contains the same language, except that the word "her" appears in place of the word "his".

As is to be seen the informations contain no allegation that the defendants did not provide the child at home with instruction substantially equivalent to the instruction given children of like age at the day school in the locality.

Defendants contend that the informations are insufficient to charge an offense in that they do not contain the necessary negative averments descriptive of the crime charged. Being more specific, defendants assert that the informations are insufficient because they do not "negative the provision of the Statute relating to home instruction. In other words, it is respectfully submitted that where a person is guilty of a crime unless he does one of two things, the information must negative the existence of both things in order to properly apprise the defendant of the charge against him." In our opinion, defendants' contention is well taken.

The early case of Markley v. State, 10 Mo. 291, dealt with a statute which made it illegal to deal with a slave without the written consent "of the master, owner or overseer." The indictment charged that the defendant dealt with a slave without the written consent of the owner. The court held: "There being three individuals having a right under the statute to legalize the traffic between a white man and a slave, the indictment should have negatived the giving of such permission by each and all of them."

■ In the case of State v. De Groat, 259 Mo. 364, 168 S.W. 702, 705, it is said: "The general rule as to the contents of an indictment which charges an offense, to which there are exceptions negativing guilt, is that all such exceptions must be pleaded in the indictment when they occur as parts of the statutory definition of the offense, in all cases where, if such exceptions be omitted, the offense cannot be accurately described." (Citing cases.)

In 27 Am.Jur. p. 666, this language appears: "It has been broadly stated as a rule of general application that if an exception or proviso appears in the enacting clause of a statute, it must be averred in an indictment or information founded upon the statute, by means of language negativing the exception, that the accused is not within the exception. Although this rule will frequently hold good and, in many cases, prove to be a safe guide in pleading, yet is is not a universal criterion. The more modern rule is, undoubtedly, that where a statute defining an offense contains an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, it must be averred that the accused is not within the exception."

Apparently no appellate court of this State has heretofore been called upon to determine the essential allegations of an information based upon the section now before us. However, the Criminal Court of Appeals of Oklahoma had occasion to con-

**894**

sider the question in the case of Wright v. State, 21 Okl.Cr. 430, 209 P. 179. We quote from it as follows:

"E. D. Wright was convicted in the county court of Major county, on the 28th day of December, 1921, of violating the compulsory school attendance laws of this state, and by the judgment of the court his punishment was assessed at a fine of $25 and costs, amounting to $131.45.

"This prosecution was instituted under section 7930, R.L.1910, as amended by section 1, chapter 59, Session Laws of 1919, which in substance provides that it shall be unlawful for any parent to neglect or refuse to cause his child or children to attend some public or private school, or other school, unless other means of education are provided, for a period of two-thirds of the time the public school in the district of his residence is in session. The information charged that E. D. Wright, defendant below, neglected, refused, and failed to compel his minor child, Felicia Wright, to attend the public school of his district, or any private school, for two-thirds of the time the public school was in session.

"This information was defective, in that it failed to charge, negatively, that the child attended no other school, and that no other means of education was provided, as incorporated in the statutory definition of the offense. These were not mere matters of defense; they constitute an essential element of the offense, as defined by statute. Where a negative averment is an essential and material part of the description of an offense, such negative averment must be made. 22 Cyc. 344; 14 R.C.L. 188; 6 Ann.Cas., notes 726 et seq."

The Wright case was approved in the recent case of Sheppard v. State, Okl.Cr., 306 P.2d 346, 350, decided by the same court on January 9, 1957.

 Section 164.010 says that a parent shall cause his child to attend a day school *or* provide said child with instruction at home substantially equivalent to that given in the day school. It is clear that a violation of this duty cannot be accurately described unless both matters are negatived. In a criminal prosecution, all presumptions go in favor of innocence, and devolves upon the pleader to set forth a charge which will bring the defendant clearly within the terms of the statute. State v. Renkard, 150 Mo.App. 570, 131 S.W. 168. That was not done in the instant cases.

The judgments are reversed and the causes remanded. All concur.