STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LEROY VAUGHN AND CARMEN VAUGHN, DEFENDANTS-RESPONDENTS.

Argued October 20, 1964—Decided February 26, 1965.

144

[redacted]

*Mr. Sidney Dincin* argued the cause for plaintiff (*Mr. Guy W. Calissi,* Prosecutor of Bergen County, attorney; *Mr. John K. Walsh,* Assistant Prosecutor, of counsel; *Mr. Dincin,* on the brief).

*Mr. William Rossmoore* argued the cause for defendants (*Messrs. Gross & Stavis,* attorneys; *Mr. John O. Bigelow* and *Mr. Morton Stavis,* of counsel).

The opinion of the court was delivered by

SCHETTINO, J. Defendants were convicted in the Englewood Municipal Court as disorderly persons under *N. J. S. A.* 18:14–39 for failing to cause their child regularly to attend the public schools of the district in violation of *N. J. S. A.* 18:14–14. Defendants appealed to the Bergen County Court, which dismissed the appeal on the ground that defendants had failed to comply with *R. R.* 3:10–10(a) pertaining to failure to serve the prosecutor's office with a copy of the transcript of the recorded municipal court proceedings within 10 days after the filing of the notice of appeal. An appeal was then taken to the Superior Court, Appellate Division. The Appellate Division, finding that defendants' appeal should not

have been dismissed for failure to observe strictly the requirements of *R. R.* 3:10–10(a), reversed and remanded the matter for a trial *de novo* in the County Court. In so doing, the Appellate Division went on to direct the State to amend the complaint to reflect the language of the applicable statute, *N. J. S. A.* 18:14–14, namely, the State must allege that defendants failed to cause their child regularly to attend the public schools of the district or a day school in which there is given instruction equivalent to that provided in the public schools for children of similar grades and attainments or to receive equivalent instruction elsewhere than at school. Plaintiff's petition for certification which we granted, 42 *N. J.* 145 (1964), was limited to the question of whether the State must prove the latter two alternative provisions introduced by the word "or."

The education of a child has always been of supreme importance and an ideal which has long been required in our State. *New Jersey Constitution, Article* IV, § 7, *par.* 6 (1844); *Everson v. Board of Education, Ewing Twp.*, 133 *N. J. L.* 350, 355 (*E. & A.* 1945); affirmed 330 *U. S.* 1, 67 *S. Ct.* 504, 91 *L. Ed.* 711 (1946). The State under the mandates of the *New Jersey Constitution, Article* VIII, § 4, *par.* 1 (1947),[1] has undertaken the duty of satisfying this goal by providing for the public education of every child within this State. *N. J. S. A.* 18:14–1 *et seq.* But the primary burden of making certain that the child receives a public education has been cast upon the parent or other person in custody and control of the child.

*N. J. S. A.* 18:14–14 provides in part, that:

"Every parent, guardian or other person having custody and control of a child between the ages of 7 and 16 years shall cause such child regularly to attend the public schools of the district *or* a day

---

[1] *New Jersey Constitution, Article* VIII, § 4, *par.* 1 (1947) provides: "The Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years."

school in which there is given instruction equivalent to that provided in the public schools for children of similar grades and attainments *or* to receive equivalent instruction elsewhere than at school." (Emphasis added)

Although this section states what is expected of every such parent, guardian, or person having custody and control of a child, it does not itself provide that a violation shall result in penal liability, nor does it provide precisely what failure shall be the essence of a penal offense. It is *N. J. S. A.* 18:14–39 which provides generally for liability for failure to comply with any of the provisions of the article including, of course, the provisions of *N. J. S. A.* 18:14–14. This encompassing penal provision reads as follows:

"A parent, guardian or other person having charge and control of a child between the ages of seven and sixteen years, who shall fail to comply with any of the provisions of this article relating to his duties shall be deemed to be a disorderly person * * *."

The problem before us is one of construction, to determine the interplay of these two sections. As in all other cases of judicial interpretation, the cardinal rule is that we should find a sensible, workable view of legislation if the language at all permits that result.

The primary requirement of *N. J. S. A.* 18:14–14 is that the parent, guardian, or other person with custody shall cause the child regularly to attend the public school. The State of course is in position to prove whether the child is or is not in such regular attendance. However, with respect to the optional alternatives of sending the child to a day school or causing the child to receive equivalent instruction elsewhere than at school, it is obvious that if the burden of proving a violation of either of the two alternatives rests upon the State, it would be saddled with a fairly impossible task, for it would be obligated to prove a negative proposition in circumstances in which the area of disproof is extremely wide. One need but think of the difficulties of proving that a child does not attend any day school or that the child is not receiving equivalent

instruction elsewhere than at school. The facts relating to both of these alternatives would necessarily be peculiarly within the knowledge of the party to be charged.

As a matter of good sense, it is both reasonable and necessary that these alternatives be matters of exception or excuse to be raised by the defendant who seeks on one basis or the other to justify the failure to cause the child to attend public school. The statute readily admits of that interpretation since the two alternative provisions are introduced by the word "or" and the word "or" readily lends itself to the view that the Legislature intended to permit the parent, guardian or other person having charge and control of the child to elect to substitute one of the alternatives for the primary duty, *i. e.*, to cause the child to attend a public school.

In short, the statute is fairly read to mean that the obligation is to cause the child to attend public school unless one or the other optional alternatives is met. Hence so far as the sufficiency of the complaint is concerned, it need only allege that the defendant as parent, guardian, or other person having custody and control did not cause the child regularly to attend the public school of the district in violation of *N. J. S. A.* 18:14–14 and 39. It is then incumbent upon the defendant, if he should rely upon either of the exceptions, to introduce evidence in support of it unless of course such evidence should appear in the State's case. More specifically there must thus be introduced evidence from which it could be found that a child attends a day school in which equivalent instruction is given, or that the child is receiving equivalent instruction elsewhere than at school. If there is such evidence in the case, then the ultimate burden of persuasion remains with the State with respect to whether the case comes within the exception, this in accordance with the usual rule applicable in penal cases that the ultimate burden of proof always remains with the prosecution.

The opinion of the Appellate Division also indicated that at the trial *de novo*, defendants might introduce evidence that the school in question was "segregated" as a defense to

the charge. This subject matter had been excluded on objection on the original trial before the municipal court. It is not an appropriate reason for failure to comply with the compulsory school attendance law in this State. Any matter of the racial composition of a local school falls rather within the category of "controversies and disputes arising under the school laws" committed by statute to the determination of the State Commissioner and State Board of Education. *R. S.* 18 :3–14, 15.

The judgment of the Appellate Division is modified and as modified is affirmed. No costs.

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.