Bruce CHARLES, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29951.

Missouri Court of Appeals, Kansas City District.

Oct. 30, 1978.

Joseph R. Borich, III, Collet & Borich, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The appeal comes from denial of a Rule 27.26 motion to vacate a judgment of conviction for first degree robbery. The petition brought pro se attempted three assertions of ineffective assistance of counsel: (1) failure to pursue the defense of "insanity"; (2) failure to interview all of the witnesses for the State prior to trial; and, (3) failure to raise on appeal all the points alleged on the motion for new trial.

The court refused the appointment of counsel and dismissed the Rule 27.26 petition without hearing on the findings that, the record of the robbery trial and the allegations of the motion considered, the movant had stated no ground for relief.

The movant concedes on appeal that whatever merit may be shown for his third allegation, Rule 27.26 addresses only those matters which the trial court of imposition of sentence may be competent to correct. An orderly jurisdiction requires that only a court of review may determine whether the efficacy of the judgment was lost from an act or omission of counsel in the appellate process. *Hemphill v. State*, 566 S.W.2d 200, 208[15, 16] (Mo. banc 1978). The third contention of the motion, therefore, does not state a cause of action for post-conviction relief under Rule 27.26.

Rule 27.26(h) provides the court shall appoint counsel for an indigent petitioner whose pleading presents questions of law or issues of fact. To the extent that the dismissal of the petition by the trial court rests on failure of a sufficient pleading, the order is clearly erroneous. The formal Motion to Vacate Judgment and Sentence [paragraph 8] directs that the grounds for relief shall be stated concisely. The petitioner complied by specific reference to Appendix A incorporated as a pleading. As it bears on the first allegation of incompetency of counsel, the appended narrative alleges:

Prior to trial Movant and his relatives advised the aforesaid attorney that Mov-

ant had been undergoing psychiatric care, and suggested that mental incompetency might be the proper defense, and did not make the penetrating inquiry that it deserved. That is to say, said counsel totally ignored the foregoing information.

This allegation, although not given in the most ample detail, sufficiently pleads a fact, which if true—and not otherwise refuted by the files and records in the case—entitles the movant to the relief he seeks. *Milentz v. State,* 545 S.W.2d 688, 690[1, 2] (Mo.App.1977).

The findings of the court conclude, however, that movant was not entitled to a hearing for the additional reason that, as the record discloses, at the trial movant contended he did not commit the crime and so could not, with logic, contend he was without mental capacity for the crime—and that the defense of mental disease or defect excluding responsibility was, in any event, inconsistent with the defense of alibi submitted to the jury under the evidence and so was unavailable to the defendant as a contemporaneous submission.

 A defendant in a criminal cause is presumed to be innocent until proved guilty beyond a reasonable doubt. The burden for every element of the proof rests on the State. The law secures the accused from unwilling testimony and imposes no penalty on his silence. He may not be required to barter a plea that he lacked mental capacity to commit the conduct alleged against him for an admission that he did the act. Nor, contrary to the assumption of the trial court, does alibi contradict innocence or the lack of capacity for criminal conduct. *State v. Lora,* 305 S.W.2d 452, 455[5, 6] (Mo.1957). The proof of one does not exclude the proof of the other. Alibi merely denies that the accused was present at the place and time of the offense. The burden to prove that essential element rests, and remains affirmatively, on the prosecution. *State v. Reece,* 324 S.W.2d 656, 661[11, 13] (Mo.1959); Committee Comments on MAI–CR, Alibi, pp. 1 and 2. It is the explicit provision of § 552.030.2, moreover, that a plea of lack of mental disease or defect excluding responsibility "shall not deprive the defendant of other defenses." *State v. Newman,* 568 S.W.2d 276, 282 (Mo.App.1978). The trial court was clearly erroneous in the judgment that the first allegation of ineffective assistance of counsel was precluded by an election of defense.

The trial court improperly denied movant appellant appointment of counsel and hearing on the first allegation of the petition. We need not determine whether the second contention that counsel was ineffective by failure to interview all of the prosecution witnesses prior to trial—suffices as a pleading for post-conviction relief. Rule 27.26(h) contemplates that the counsel appointed will amend the motion to plead more perfectly other allegations presently insufficient and to include other claims should conference with the movant disclose any. *Noble v. State,* 477 S.W.2d 417, 420 (Mo. 1972).

The judgment is reversed and the cause remanded.

All concur.