**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Carles B. and Alyne DAVIS,
Defendants-Appellants.**

**No. 11366.**

Missouri Court of Appeals,
Southern District,
en banc.

April 17, 1980.

Donald L. Sanders, Asst. Pros. Atty., Springfield, for plaintiff-respondent.

Carles B. Davis and Alyne Davis, pro se.

GREENE, Judge.

Defendants Carles B. and Alyne Davis, the parents of 13 year old David Neal Davis, were court-convicted of violating the compulsory school attendance law, § 167.-031,[1] and were each sentenced by the trial judge to serve ten days in the county jail and pay a fine of $25, pursuant to the penalty provisions of § 167.061. This appeal followed.

The amended information pro se reads as follows:

"David A. Geisler, Assistant Prosecuting Attorney within and for the County of Greene, in the State of Missouri, under his oath of office, informs the Court that Charles (sic) B. Davis and Alyne Davis on or about the 13, 14, and 28th days of February, 1978, and the 2, 3, 6, 7, 8, 9, 10, 13, 14, and 17th days of March 1978, in said County of Greene, and the State of Missouri, did then and there wilfully and unlawfully in the said County of Greene, and the State of Missouri, being a parent, having charge, control, and custody of a child between the ages of seven and sixteen years, to-wit: David Neil (sic) Davis, age thirteen (13) years of age, and having received written notice on February 10, 1978, to place and keep said child in regular attendance at some day school within three days from the service of said notice, did during the aforesaid period, without good cause, wilfully and unlawfully refuse and neglect: (1) to cause said child to attend some day school, public, private, parochial, or parish, not less than the entire time said school is in session; or to (2) provide said child at home with regular daily instructions during the usual school hours, with instruction, in the judgment of a Court of competent jurisdiction, at least substantially equivalent to the instruction given children of like age in the day schools in the locality in which the child resides, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri."

At trial, the state presented evidence that David did not regularly attend a day school, but did not present evidence that the parents failed to provide their son with home instruction that was substantially equivalent to the instruction given children in the day schools of the locality. At the close of the state's case, defendants moved for a judgment of acquittal on the grounds of failure of proof on the home instruction issue. The motion was overruled. Defendants presented no evidence. The judgment of conviction followed.

The question is whether there was sufficient evidence to sustain the convictions, or, more precisely put, was the state's failure to prove part of the statutory elements of the offense (failure to provide equivalent home instruction) fatal to the state's case? The state, in its brief, "accepts the risk of non-persuasion on the issue of adequacy of home instruction", but argues that the burden of going forward with the evidence on that issue lies with defendants, and that since they failed to meet such burden, the convictions should stand. We do not agree.

1. All statutory references are to RSMo 1978, V.A.M.S.

The statute in question, § 167.031, reads as follows:

"Every parent, guardian or other person in this state having charge, control or custody of a child between the ages of seven and sixteen years shall cause the child to attend regularly some day school, public, private, parochial or parish, not less than the entire school term of the school which the child attends or shall provide the child at home with regular daily instructions during the usual school hours which shall, in the judgment of a court of competent jurisdiction, be at least substantially equivalent to the instruction given children of like age in the day schools in the locality in which the child resides; except that

(1) A child who, to the satisfaction of the superintendent of schools of the district in which he resides, or if there is no superintendent then the chief school officer, is determined to be mentally or physically incapacitated may be excused from attendance at school for the full · time required, or any part thereof; or

(2) A child between fourteen and sixteen years of age may be excused from attendance at school for the full time required, or any part thereof, by the superintendent of schools of the district, or if there is none then by a court of competent jurisdiction, when legal employment has been obtained by the child and found to be desirable, and after the parents or guardian of the child have been advised of the pending action. Amended by Laws 1977, p. 355, § A."

The statutory duty with which parents are charged by § 167.031 is stated in two parallel and co-ordinate clauses separated by the simple conjunction "or" in the same sentence. The parental duty, as expressed and imposed in the alternative, is 1) to cause the child to regularly attend a day school, or 2) provide daily home instruction for the child that shall be substantially equivalent to the instruction given children of equivalent age in the day school in the locality where the child resides. *State v. Pilkinton,* 310 S.W.2d 304, 308 (Mo.App.1958). In the statute, certain exceptions are listed to this imposed duty, such as the child may be excused from school attendance if it is physically or mentally incapacitated, or, if the child is between 14 and 16 years of age and has obtained desirable legal employment, after parental notification.

While it is true that a defendant has the burden of proving that he falls within an exception to a criminal statute, *State v. Zimpher,* 552 S.W.2d 345, 349 (Mo. App.1977), the negative averments in the information that the child did not attend a day school and did not receive proper instruction at home do not create an exception, as they are incorporated in, and are an integral part of, the statutory definition of the offense. In such a case, the negative averments are not mere matters of affirmative defense, but are essential elements of the offense, as charged by statute. See *State v. Cheney,* 305 S.W.2d 892, 894 (Mo. App.1957). The reasoning in *Cheney* was approved and followed in *State v. Pilkinton,* supra, at 307–310. *Cheney* and *Pilkinton* do not discuss the burden of proof issue, but it is elemental that the state has the burden of proving *all* essential elements of a criminal offense. *State v. Holland,* 534 S.W.2d 258, 264 (Mo.App.1975); *Charles v. State,* 573 S.W.2d 139, 141 (Mo.App.1978). Further, the Due Process Clause of the United States Constitution requires that a defendant be proven guilty beyond a reasonable doubt of every fact necessary to constitute the crime in order to support a conviction. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970).

The facts that the state pleaded here, as mandated by *Cheney* and *Pilkinton,* are the same facts that the state must prove beyond a reasonable doubt in order to sustain the convictions. *State v. Achter,* 514 S.W.2d 825, 829 (Mo.App.1974). Since the allegation that defendants failed to provide their child with proper home instruction was an essential element of the state's case, and since the state failed to prove such element, the convictions cannot stand.

The state argues that it is extremely difficult to prove a negative in a case such as

this, as the knowledge of whether the child is receiving equivalent home instruction is, of necessity, lodged within the minds of the child and its custodians. This may be so, but the problem should be addressed to the legislature, and not to the courts. The legislature has the power to make the alternative equivalent home instruction requirement an exception to, rather than a negative statutory element of, the offense. It should not be done by judicial fiat. Statutory law is not a mere inconvenience that judges should try to evade in order to impose their social visions upon the people. Such proposed changes in the law, as are urged here by the state, should be left to the wisdom and judgment of the legislature who are the peoples' representatives in that area.

The judgments of the trial court are reversed and the defendants are ordered discharged.

All concur, except PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

In my view the convictions should be affirmed on one of two grounds: (1) that home instruction is an exception to compulsory school attendance under § 167.031; that it is not an essential part of the offense, and the burden of showing it should be on defendants; or (2) that even if home instruction is not an exception, the burden of showing that it was given should be on the parents as the state should not have to prove a negative averment peculiarly within defendants' knowledge.

The emphasis § 167.031 and its companion sections put on school attendance convince me that any other type of education should be considered as an exception. Giving the parent an option by using "or" after the language requiring school attendance, does not change my view. We should not determine the intention of the legislature based on a single word. The intention of the legislature will prevail over the literal sense of the terms used. *State v. Shell*, 571 S.W.2d 798, 800 (Mo.App.1978).

"The rule of strict construction is not violated by according the language used by the legislature its full meaning in support of the policy and aim of the enactment. The rule does not compel a narrow or forced construction, out of harmony with the manifest purpose and intent of the statute . . . ." *State v. Ballard*, 294 S.W.2d 666, 669 (Mo.App.1956). Section 167.031 and its related sections are primarily directed at school attendance. Instruction at home is an unusual circumstance and should be an exception to compulsory school attendance. I think the holdings of *State v. Pilkinton*, 310 S.W.2d 304 (Mo.App.1958), and *State v. Cheney,* 305 S.W.2d 892 (Mo. App.1957), are incorrect.

However, it is not necessary to reach the issue in those cases to determine this appeal. They both held that an information charging a failure to keep a child in attendance at school must also charge that the child did not receive instructions at home. That was alleged here. Who must prove such allegation was not an issue in either case. Even if *Pilkinton* and *Cheney* are correct, this does not require that the state prove all necessary allegations. The majority relies on the general principle that the state has the burden of proof of all essential elements of a criminal offense. However, there is substantial authority that this is not applicable where the state is required to allege a negative averment peculiarly within the knowledge of the defendant. The proof of a positive act of wrongdoing is much different than that of a negative averment, particularly one which must necessarily occur in the defendants' home. The question before us should not be controlled by determining if home instruction is an exception. A negative averment in an information, that lies particularly within the knowledge of the defendant, is treated the same.

Where the subject matter of a negative averment, or a fact relied on by an accused as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof as to such averment or

fact is on defendant. 22A C.J.S. Criminal Law § 571, p. 315. Missouri courts have followed this rule and held that when it is required that an information allege a negative averment which lies peculiarly within the knowledge of the defendant, it is taken as true unless disproved by defendant. *State v. Miller*, 182 Mo. 370, 81 S.W. 867, 873–874 (1904); *State v. Zehnder*, 182 Mo. App. 176, 168 S.W. 666, 667 (1914).

*In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), cited in the majority opinion does not reach the question before us. Neither does *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), but it recognizes certain exceptions or qualifications to the general statement in *Winship*. Akin to the present situation was this comment in *Patterson* :

> "To recognize at all a mitigating circumstance does not require the State to prove its nonexistence in each case in which the fact is put in issue, if in its judgment this would be too cumbersome, too expensive, and too inaccurate" [432 U.S. at 209, 97 S.Ct. at 2326].

The language in school attendance statutes may differ, but the purpose is likely the same. In *People v. Levisen*, 404 Ill. 574, 90 N.E.2d 213, 215, 14 A.L.R.2d 1364, 1367 (1950), the court stated that those who would prefer to educate their children at home under the Illinois statute "have the burden of showing that they have in good faith provided an adequate course of instruction   .   .   .." This burden does not violate parents' constitutional rights. *Scoma v. Chicago Board of Education*, 391 F.Supp. 452, 462 (N.D.Ill.1974). In New Jersey it was held that the parents must introduce evidence that the child was receiving equivalent instruction elsewhere than at public school, if they wish to rely on that as a defense. *State v. Vaughn*, 44 N.J. 142, 207 A.2d 537, 540 (1965). The court there stated that if the state must prove this, it "would be saddled with a fairly impossible task, for it would be obligated to prove a negative proposition in circumstances in which the area of disproof is extremely wide" and where the facts "would necessarily be peculiarly with the knowledge of the party to be charged". Id.

Here the child was regularly enrolled in school but frequently absent. In *People v. Y. D. M.*, 593 P.2d 1356, 1360 61 (Colo. banc 1979), it was held proper for a child to have the burden to show that absences from school were excused as these facts are uniquely within the knowledge of the child and its parents or custodian. The court further stated:

> "To obligate the People to present evidence to disprove every asserted justification for absence from school would be 'too cumbersome, too expensive and too inaccurate.' *Patterson v. New York*, 432 U.S. 197, 209, 97 S.Ct. 2319, 2326, 53 ' L.Ed.2d 281, 291 (1977); see also *State v. Vaughn*, 44 N.J. 142, 207 A.2d 537 (1965). Moreover, it would require that the People prove a negative in situations where a thorough investigation could unearth no evidence. Fundamental fairness to the child does not require us to impose on the People an obligation to perform an impossible or futile task."

If the child does not attend school, the Missouri statute requires that the parent provide instruction at home "which shall, in the judgment of a court of competent jurisdiction, be at least substantially equivalent to the instruction given   .   .   . in the day schools in the locality   .   .   .." We should assume that the legislature had some purpose in asserting the language requiring the approval of a court of competent jurisdiction. Obviously a court having jurisdiction would be essential to any valid criminal prosecution and there would be no point in inserting this language unless it had reference to some other proceeding. I think this means that the parents could seek a determination if their home instruction is sufficient by applying to a court of competent jurisdiction before a criminal action is brought. It seems fair that they should have a way to get a determination without risking any criminal penalty. The reference to "court of competent jurisdiction" in subparagraph (2) would so infer there. If the parents apply to a court to show proper

home instruction, they would have the burden of showing it sufficient. If they had that burden in such a situation, then I think that burden should remain with them in the defense of a criminal prosecution. This language could also be interpreted as requiring parents to get a court's favorable determination before a child could be withheld from school. Providing for, even if not requiring, the parents to seek prior court action approving home instruction, indicates further to me that the burden of showing home instruction should fall on the parents. This unusual provision also fortifies my belief that home instruction is treated as an exception, were we compelled to reach that question.

I think the burden here is too onerous for us to believe that the legislature intended that it be on the state. That would be an impractical result. If the child is not attending school, then he has to receive this instruction "at home". What occurred in defendants' home would likely be within the occupants' knowledge alone. Even where instructions were not attempted, the state would often be unable to prove instructions were not given. If instructions were attempted, particularly by the parents, it could be unduly difficult, or impossible for the state to prove the requirements of the statute regarding home instruction. Only those who had custody of the child or were giving him instruction would normally have sufficient information to present to the court for it to determine if there were "regular daily instructions during the usual school hours . . . at least substantially equivalent to the instruction given children of like age in the day schools in the locality . . . ." The child and the parents might be the only ones who would know. They could not be compelled to discuss home instruction by those investigating the child's nonattendance. The child might be incompetent to testify, but even if able to, would unlikely be able to detail the instruction with such specificity as to be of much aid to the court in this difficult determination. Requiring the state to make such proof might often make it unable to enforce the school attendance law.

While I view the primary purpose of § 167.031 to be compulsory school attendance, with exceptions, certainly the overall purpose of this section is not less than to insure that all children who are able to learn be educated. The state has established and recognized schools for this purpose and I think it only reasonable that if the parents wish to educate their children in another manner, that they have the burden of showing that this method of education is in compliance with the statute. I do not believe the language of the statute or any principle of law compels us to find otherwise. I would affirm the convictions.