STATE of Missouri, Respondent,

v.

Ottie ELMORE, Appellant.

No. WD 36932.

Missouri Court of Appeals,
Western District.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied
Feb. 17, 1987.

Dan J. Pingelton, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., MANFORD and BERREY, JJ.

BERREY, Judge.

Appellant (hereinafter defendant) was convicted by a jury of sexual assault in the first degree and punishment assessed at two (2) years imprisonment.

The defendant alleges two points of error: (1) that the trial court erred in not giving MAI–CR 2.37.2.2 and 20.04.2 instructions because defendant had established a genuine factual dispute as to his mistaken belief of the age of the victim; and (2) that the state failed to present sufficient evidence that intercourse had occurred.

L.M.R., the victim, was born on May 8, 1968, and in January 1984, the time the crime was committed, she was fifteen years old. L.M.R. attended the eighth grade at Higginsville Junior High. Defendant lived next door to L.M.R. and had given her rides to school. L.M.R. frequently skipped school and rode around with the defendant; in January 1984, she attended school only two days, January 17 and 19.

In January 1984, L.M.R. attended a party at defendant's house where she drank liquor, smoked marijuana and took speed. At one point during the party, she left the party with defendant to buy more liquor. According to L.M.R., on the way home from the liquor store, defendant "tried to rape her" but she resisted, and they both returned to the party. Following the party, L.M.R. did not return home but lived with the defendant for approximately two weeks. She testified that in this two week period, they had sexual intercourse several times. She returned home after she received a note from her mother.

Defendant testified that L.M.R. always told him she was eighteen; however, he did not specifically testify as to her correct age. He denied having sex with her but did acknowledge she had stayed at his house for two or three days.

Defendant alleges the trial court erred by not submitting MAI–CR 2.37.2.2. This instruction provides that:

MAI–CR 2.37.2.(2) is:

. . . . .

Mistaken belief as to age.

(As to Count _____, if) (If) you find and believe from the evidence beyond a reasonable doubt that the defendant engaged in conduct submitted in Instruction No. _____, you will then decide whether or not at that time the defendant was reasonably mistaken as to the age of [name of victim].

If you find and believe from the evidence that it is more probably true than not true that the defendant reasonably believed [name of victim] was sixteen years old or older, then you must find the defendant not guilty (under Count _____) by reason of reasonable mistake as to age.

The Notes on Use for MAI–CR 2.37.2 direct attention to § 566.020, RSMo 1978. Sub-section (3) there states:

Whenever in this chapter the criminality of conduct depends upon a child's being fourteen or fifteen years of age, it is an affirmative defense that the defendant reasonably believed that this child was sixteen years old or older.

▇▇▇ Defendant has failed to establish he reasonably believed L.M.R. was at least sixteen years old. He testified he had taken L.M.R. to school and dropped her off in front of the *junior high school.* The evidence also revealed he instructed L.M.R. to lie about her age to an elderly man. Specifically, L.M.R. testified "he [defendant] told me that, whenever I was going to see Ed Bomeyer (ph), to tell him I was older than fifteen because the man would not have anything to do with me if I wasn't." Finally, defendant denied having sexual intercourse with L.M.R. This denial is inconsistent with the affirmative defense that he had sexual intercourse with one he reasonably believed was sixteen years of age. *Cf. State v. Williams,* 542 S.W.2d 3, 6 (Mo. App.1976) (defense of entrapment is inconsistent with defendant's denial of the charge). In sum, the evidence presented at trial did not warrant an instruction as to mistaken belief.

In Point II defendant alleges that the mere testimony of L.M.R. that defendant "had sexual intercourse with [her] on several occasions" is insufficient to permit a conviction. The defendant would have the victim, describe in detail, the acts that took place. According to defendant, the failure of L.M.R. to state the defendant's penis penetrated her vagina is grounds for reversal. The defendant offers two cases in support of this theory: *State v. Davis,* 598 S.W.2d 189, 191 (Mo.App.1980), and *State v. Leigh,* 580 S.W.2d 536, 541 (Mo.App. 1979). *State v. Davis, supra,* 598 S.W.2d at 191, stands for the proposition that "the state has the burden of proving all essential elements of a criminal offense." In *State v. Leigh, supra,* 580 S.W.2d at 541, the court states, "There is no magic word necessary to describe penetration...." L.M.R. stated defendant had "sexual intercourse" with her. Unlike the victim in *State v. Leigh,* who as a ten year old child was inexperienced in sexual matters and its terminology, described the act as "put[ting] his privates in mine," L.M.R. used a specific term describing the acts that took place. Sexual intercourse does not possess multiple, hidden or arcane meaning. Webster's Third New International Dictionary (1971), p. 2082, offers the following definition of sexual intercourse: "sexual connection especially between humans." Section 566.-010.1(1), RSMo 1978, defines sexual intercourse as, "any penetration, however slight, of the female organ by the male sex organ, whether or not emission results."

▇▇▇ *State v. Higginbotham,* 335 Mo. 102, 72 S.W.2d 65, 70 (1934), and *State v. Harrison,* 263 Mo. 642, 174 S.W. 57, 61 (1915), have held that the term, "sexual intercourse," was sufficient to establish the element of penetration in a prosecution for rape. We also find in the Notes on Use to MAI–CR 2d 2.37.2 and MAI–CR 2d 20.04.2, provides that the term, sexual intercourse, need not be defined unless one of the parties requests the court for a definition in

which MAI–CR 33.01 defining sexual intercourse shall be used.

■ Reviewing this case in light of today's mores and generally accepted understanding of "sexual intercourse," the only reasonable inference to be drawn is that defendant penetrated L.M.R.'s sexual organ with his penis. This court views the evidence and its reasonable inferences in a posture most favorable to the state. *State v. Wilkinson,* 606 S.W.2d 632, 635 (Mo. banc 1980). Point II is denied.

Judgment affirmed.

All concur.