**Richard BLAIR, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 86–165.**

Supreme Court of Wyoming.

April 14, 1987.

Leonard Munker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Josephine Fagan McClain, Student Intern, Wyoming Defender Aid Program, for appellant.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Karen A. Byrne, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is an "I didn't do it, but, if I did, she consented" sexual-assault case, where the convicted appellant challenges the denial of a consent instruction. As the single present issue, appellant argues that it was error for the trial court to reject his requested instruction regarding acquiescence, apprehension, and resistance as a theory of his sexual-assault-charge defense at trial.

The complainant and appellant "partied" together extensively at several bars, resulting in their arrival together at complainant's house at a late night hour. The complainant testified that when they arrived at the residence, the appellant beat her and forced her to engage in sexual intercourse. The appellant testified to the converse, that the two pursued mutually interesting non-sexual activities, including mostly talking, except that he did slap the complainant, bloodying her nose, when her disparaging comment regarding his former girlfriend irritated him.

Both participants then testified that the complainant went upstairs to see about her daughter, who was sleeping in the house. The complainant then awakened the daughter, and the partially clothed daughter and disheveled complainant evacuated through a back door, while appellant "patiently"

waited downstairs for the complainant to return from checking on her child. The daughter testified that she was awakened by her mother, with the comment that "there is a crazy downstairs, and we have to get out of here."

After stopping by the bar to seek assistance from a friend of the appellant, the complainant and her child went to the police station and reported the incident. The appellant was charged and convicted of first-degree sexual assault. On these facts, we are presented with a question regarding a requested proper instruction on consent and acquiescence.

The trial court gave this instruction:

"There is a difference between submission and consent, and submission does not necessarily involve consent. Acquiescence is not consent if induced by fear or reasonable apprehension of bodily harm through fear. Lack of consent may exist without resistance, through fear."

The appellant presented the following instruction which was rejected by the court:

"Acquiescence is not consent if induced by fear or reasonable apprehension of bodily harm, and the reasonableness of the fear rests with the jury.

"Reasonable apprehension or reasonable fear on the part of the female must be based on something of substance. The fear must be of death or severe bodily harm. The female cannot simply say 'I was scared', and thus transform an apparent consent into a legal nonconsent which makes the man's act a crime. She must have a reasonable apprehension of something real, her fear must not be fanciful but substantial.

"A female must resist unless she has a reasonable apprehension or reasonable fear of death or severe bodily harm. Unless the female has a reasonable apprehension or reasonable fear of death or severe bodily harm, her acquiescence is consent."

Appellant presented as the theory of defense that in the alternative no sexual intercourse occurred, or, if it did, no force was used.[1]

We find justification for appellant's position that a defendant may submit alternative or tenuous theories of defense. *United ed States v. Young*, 464 F.2d 160 (5th Cir. 1972); *United States v. Grimes*, 413 F.2d 1376 (7th Cir.1969); *Strauss v. United States*, 376 F.2d 416 (5th Cir.1967); *Salley v. United States*, 353 F.2d 897 (D.C.Cir. 1965); *Perez v. United States*, 297 F.2d 12 (5th Cir.1961); *Tatum v. United States*, 190 F.2d 612 (D.C.Cir.1951), cert. denied 356 U.S. 943, 78 S.Ct. 788, 2 L.Ed.2d 818 (1958). See also *Naugher v. State*, Wyo., 685 P.2d 37 (1984); and *State v. Southerland*, 45 Wash.App. 885, 728 P.2d 1079 (1986); and see *Cassas v. Cassas*, 73 Wyo. 147, 276 P.2d 456, 69 A.L.R.2d 187 (1954) as a civil case. However, any theory must be based on some evidence for the defendant to be entitled to have an instruction actually given to the jury. Wright, Federal Practice and Procedure: Criminal 2d § 482 at 689. Consent to intercourse was not in issue in this case when appellant provided no supporting evidence by his testimony which was clearly directed to the position that no intercourse had occurred. See *State v. Elmore*, Mo.App., 723 S.W.2d 418 (1986).

The Oklahoma Court of Criminal Appeals recently stated:

" * * * [T]he appellant asserts that the trial court failed to give requested instructions on the lesser included offenses of murder in the second degree and manslaughter in the first degree. The record reveals that the appellant testified that she did not kill Cindy Baillee, but that Teresa Baker fired the shots which killed her. She further testified that she had no intent to aid in the killing, nor did she plan the crime. We have held that 'when a defendant, who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to

---

**1.** Experienced prosecutors anticipate certain conviction when a sexual-assault defendant postulates the defense that "I didn't do anything, but if I did, she consented."

have elected that one.' *Wiley v. State,* 551 P.2d 1146, 1150 (Okl.Cr.1976)." *Smith v. State,* Okl.Cr.App., 727 P.2d 1366, 1371 (1986).

That comment synthesizes our view of the well-established criminal-law standard that instructions given pursuant to Rule 31, W.R.Cr.P. (Rule 30, F.R.Cr.P.) and Rule 51, W.R.C.P., advancing the theory of defense should only be given where some evidence in the record exists to support the theory. *Amin v. State,* Wyo., 695 P.2d 1021 (1985). *Sanchez v. State,* Wyo., 694 P.2d 726 (1985); *Patterson v. State,* Wyo., 682 P.2d 1049 (1984); *People v. Marquez,* Colo., 692 P.2d 1089 (1984).

Defendant received the gratuity of the instruction given by the court. Neither it nor the one tendered was justified in view of the appellant's consistent insistence that no intercourse occurred. Appellant surely could not contend that the alleged victim consented where he testified that she did not engage in that sexual activity. See *Lopez v. State,* Wyo., 544 P.2d 855 (1976).

Because neither instruction was required, consideration of the adequacy or propriety of either instruction would only be obiter dictum. *Western Utility Contractors, Inc. v. City of Casper,* Wyo., 731 P.2d 24 (1986).

Affirmed.

CARDINE, Justice, specially concurring.

I concur in the affirmance of appellant's conviction but disagree with the holding of the majority that appellant was not entitled to have the jury instructed on the question of consent.

The majority states that "[c]onsent to intercourse was not in issue in this case when appellant provided no supporting evidence by his testimony which was clearly directed to the position that no intercourse had occurred." Therefore, the majority concludes, the appellant was not entitled to *any* instruction on the question of consent or lack of consent.

Appellant was charged with first degree sexual assault under § 6–2–302(a)(i), W.S. 1977, which provides:

"(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

"(i) The actor causes submission of the victim through *the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement.* " (Emphasis added.)

The opinion of the court rests upon the premise that consent does not negate an element of the offense of first degree sexual assault. I disagree with the premise. If a "victim" consents to a sexual act, the actor has not caused submission. This is the position taken by the drafters of the Wyoming Criminal Pattern Jury Instructions, who concluded that "lack of consent is a necessary element of first degree sexual assault." W.P.J.I.C. § 9.601, Comment, p. 208.

When, as in this case, consent negates an element of the offense, the burden imposed on a defendant should be a mere burden of pleading. 1 P. Robinson, Criminal Law Defenses, § 66(b), p. 308 n. 11 (1984). Appellant met that burden.

Moreover, as a factual matter, the record does not support the majority's conclusion that consent was "not in issue in this case." The testimony of police officer Paul Kaiser contains the following statements:

"Q. [The victim] stated to you, and you stated in your report of that interview that, quote, Rich said that he wanted to have sex, and she consented to this; is that correct?

"A. The consent part, that was my wording. The report was typed—

"Q. Is that correct, the quote that I have stated?

"A. That is what I typed in my report. That is not what she told me verbatim, no.

\*       \*       \*       \*       \*       \*

"Q. Officer Kaiser, \* \* \* you have here in your report, if I may read it to you, that Rick [Rich] said that he wanted to have sex and she consented to this. And goes on to state, Rick [Rich] then commented that he would like to have sex

with her daughter. [The victim] became upset at that comment. She left the bedroom, went upstairs to get her daughter, * * * she and [her daughter] left the residence by way of the outside stairs; isn't that correct?

"A. Yes.

"Q. You don't mention in your report in that area with that sentence, you don't qualify the word consent in any way to mean that she submitted; do you?

"A. No, in that—as I say, that was my terminology. That was, I believe, an error on my part. 'I submitted' would have been the proper word, rather than 'consent.' "

Appellant clearly was entitled to an instruction on the issue of consent, and Judge Hartman correctly gave the jury such instruction.

I would affirm, therefore, because the jury was adequately instructed on the issue of consent. The trial court gave the following instruction:

"There is a difference between submission and consent, and submission does not necessarily involve consent. Acquiescence is not consent if induced by fear or reasonable apprehension of bodily harm through fear. Lack of consent may exist without resistance, through fear."

The alternative instruction offered by appellant was argument rather than a statement of law. Accordingly, the trial court did not err in refusing the proposed instruction.